## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CLITRAS PROUT**                               **CIVIL CASE NO.: 2:22-CV-3174**

**VERSUS**

**DOVER BAY SPECIALTY**                   **SECTION: _____**
**INSURANCE COMPANY**

### COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT through undersigned counsel comes **CLITRAS PROUT** ("Plaintiff"), who respectfully represents:

1.

Made Defendant herein:

**DOVER BAY SPECIALTY INSURANCE COMPANY** ("Dover Bay")**,** a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

### JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

The Plaintiff is a citizen of the State of Louisiana. On information and belief, Dover Bay is a corporation both incorporated, and with its principal place of business in the State of Illinois. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

5.

Dover Bay issued the policy of insurance upon which this suit is based to the Plaintiff, insuring her property located at 1701 Crossmoor Drive, Marrero, Louisiana 70072. This Court has personal jurisdiction over Dover Bay.

## CAUSES OF ACTION

6.

Dover Bay insured the Plaintiff under Policy No. XLB248406, which was in full force and effect on August 29, 2021.

7.

The Plaintiff's home suffered extensive damage and diminution in value as a result of Hurricane Ida on August 29, 2021.

8.

On or about October 16, 2021, Dover Bay adjusted the loss and determined that the total damage to the home from Hurricane Ida to be $1,325.19, after Plaintiff's deductible and recoverable depreciation. This estimate did not, however, account for the total damage to the Plaintiff's insured property and contained the wrong coverage amounts and the wrong deductible in accordance with the terms of her policy.

9.

Dover Bay's adjustments of Plaintiff's claims are unreasonably low, unrealistic, and gave Plaintiff no opportunity to conduct the needed repairs caused by the storm.

10.

Plaintiff provided Dover Bay to the claim adjustor via email with an estimate from GLS & Associates, to repair the damages to the home from Ida in the total amount of $249,558.37.  Dover

Bay received Plaintiff's estimates on August 3, 2022. State Farm responded on behalf of Dover Bay on August 22, 2022 which stated that there was a question whether or not the loss was covered, and that the loss would be further investigated. No such investigation has since occurred.

11.

Dover Bay had satisfactory proof of loss upon its initial inspections of the premises, yet it unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storm. Meanwhile, Plaintiff awaits sufficient funds from Dover Bay to repair her home to its pre-storm condition. Her home continues to deteriorate each and every day, while the costs of labor and materials have increased sharply.

12.

La. R.S. 22:1892 obligates an insurer to make a written offer to settle a property damage claim "within 30 days after receipt of satisfactory proof of loss of that claim."  In addition, La. R.S. 22:1973 states that "failing to pay an insured's claim within sixty (60) days after receipt of satisfactory proof of loss constitutes a breach of the insurer's duty of good faith and fair dealing, when the failure is arbitrary, capricious, or without probable cause."  Dover Bay has violated both of these statutory obligations and duties in its dealings with the Plaintiffs.

13.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like Dover Bay is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." Dover Bay has misrepresented pertinent facts and insurance policy provisions in its dealings with the Plaintiff by representing that the original estimate was a fair estimate of the damages and by withholding an accurate and defensible accounting of the full extent of the Plaintiff's damages.

Dover Bay had satisfactory proof of loss upon its initial inspections of the premises, yet unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storm.

14.

Dover Bay has failed to make a written offer to settle the full extent of the Plaintiff's property damage claim within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making Dover Bay liable to the Plaintiff for penalties, attorney's fees and costs under La. R.S. 22:1892.

15.

Dover Bay's failure to fairly and promptly adjust the full extent of the Plaintiff's claim has caused her to suffer contractual and extra-contractual damages including, but not limited to, the additional time delays, additional deterioration to their home that has occurred while waiting for Dover Bay to fairly pay her insurance claims, along with the grief, mental anguish, and worry over the uncertainty of whether she would have the funds necessary to repair her hurricane-damaged home to its pre-storm condition. As a result of those and other associated damages caused by Dover Bay's dilatory tactics and delays, the Plaintiff is also owed their attorney's fees and costs.

16.

Dover Bay knew or should have known that its failure to timely pay the Plaintiff's insurance claims prevented her from repairing their home, and it should have known that its failure to pay the Plaintiff's claims would cause her grief, mental anguish, and worry.

17.

WHEREFORE, CLITRAS PROUT prays that there be judgment in her favor against DOVER BAY SPECIALTY INSURANCE COMPANY as follows:

(1)   Finding Dover Bay liable to the Plaintiff for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding her the same;

(2)   Awarding the Plaintiff general damages caused by Dover Bay's breach of its duty of good faith and fair dealing;

(3)   For specific damages and general damages including, but not limited to, diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid;

(4)   For any and all other relief that is justified under law and equity; and

(5)   For trial by jury.


Respectfully submitted,

DEJEAN & NOLAND LAW OFFICE, LLC

/s/ Erik R. Noland
Erik R. Noland (#37245)
Felix "Andy" DeJean IV (#25028)
604 St Ferdinand St.
Baton Rouge, LA 70802
(225) 344-2639 - Telephone
(225) 346-5252 – Facsimile
erik@dejeannoland.com
andy@dejeannoland.com
*Attorneys for Clitras Prout*


**SERVICE INSTRUCTIONS:**

Dover Bay Casualty Insurance Company
Through its Agent for Service of Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809